```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
_____
                                :
UNITED STATES OF AMERICA        :
                                :    Crim. No. 97-028-2 (NLH)
     v.                         :
                                :
JORGE RESTREPO,                 :    OPINION and ORDER
               Defendant        :
_____:
```

**HILLMAN**, District Judge

    This matter comes before this Court by way of a Motion for Return of Property [ECF No. 186] and a subsequent Motion to Grant Civil Action Seeking Return of Property [ECF No. 189] filed by Defendant Jorge Restrepo (hereinafter, "Defendant"). These submissions were made by Defendant in a *pro se* capacity while he was serving a 262-month prison sentence, after entering a plea before the late Honorable Jerome B. Simandle for conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine. [ECF No. 174-175]  For the reasons set forth herein, the Court shall deny the motions as moot.

    Defendant filed his first motion on December 6, 2000. [ECF No. 186]  That motion sought the return of six items – a gold chain, a wristwatch, a pair of sunglasses, a wallet containing various pieces of identification, $1000 in U.S. currency, and a rosary – but did not provide any evidence that the government

possessed the items sought.  Almost three years later, on August 18, 2003, Defendant filed his second motion. [ECF No. 189]  As with the previous motion, this filing did not include any evidence that the government possessed the items in question.[1]

Defendant was released from prison on October 30, 2015. [Gov't Opp., Ex. B]  Shortly thereafter, he was deported to Colombia. [Gov't Opp., Ex. C]  The government has represented that, to the best of its knowledge, Defendant has not returned to the United States. [Gov't Opp.]

On November 8, 2019, this matter was reassigned to this Court for all further proceedings. [ECF No. 195]  On December 31, 2019, the Court directed the Government to respond to these motions. [ECF No. 196]  The Government requested and the Court granted additional time to investigate Defendant's claims. [ECF No. 198-199]  On March 23, 2020, the Government filed its response (the "Gov't Opp."). [ECF No. 200]

The Government argues that Defendant's motions are now moot.  It states that some of the items alleged to be in its possession are indeed recorded as having been confiscated, but were later either destroyed or returned to Defendant's nominee;

---

[1] The government notes in its March 20, 2020 response that neither motion received a response from the United States Attorney's Office or was acted upon by the Court, "for reasons unknown to the Government[.]"  This matter was reassigned to the undersigned on November 8, 2019.

that it has no record that the other items listed were ever in its possession; and that Defendant's 2015 deportation and his current unknown whereabouts make any further investigation "impossible".

As to items recorded as having been confiscated and later returned or destroyed, the Government provides records indicating that two gold chains were returned to Defendant's nominee, Guillermo Restrepo, on October 19, 2010. [Gov't Opp. at 3 and Ex. B]  The records provided by the government also indicate that Defendant's wallet and its non-monetary contents were destroyed on February 8, 2007, in accordance with Federal Bureau of Investigation evidence retention policies. [Gov't Opp. at 3 and Ex. B]

As to items not recorded as having been confiscated, the Government indicates that it has no record of confiscation of a wristwatch or sunglasses from Defendant. [Gov't Opp. at 3]  Nor is there a record of confiscation of rosary beads.  Nor is there a record of confiscation of $1000 cash.[2]

---

[2] The government notes that it seized from Defendant a total of $22,025 (in two separate bundles of $10,000 and one of $2,025), all of which was forfeited to the United States government on March 22, 1999. [Gov't Opp. at 3 and Ex. B]  The pocket change Defendant had on his person at the time of his arrest, totaling $2.29, was returned to his nominee on October 19, 2010, along with the two aforementioned chains.

Given the records and representations provided by the Government, the absence of evidence provided by Defendant in his original filings, and Defendant's 2015 removal from this country, the Court determines that further investigation of these claims are unlikely to bear fruit.

THEREFORE

IT IS on this **22nd** day of **September**, **2020**,

**ORDERED** that Defendant's Motion for Return of Property [ECF No. 186] be, and hereby is, **DENIED as MOOT**; and it is further

**ORDERED** that Defendant's Motion to Grant Civil Action Seeking Return of Property [ECF No. 189] be, and hereby is, **DENIED as MOOT.**

At Camden, New Jersey

    s/ Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.